# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

|  |  |
|---|---|
| RICARDO M. BALLESTEROS, | No. C13-4105-MWB |
| Petitioner, | (CR12-4048-MWB) |
| vs. | **INITIAL REVIEW ORDER** |
| | **REGARDING PETITIONER'S** |
| UNITED STATES OF AMERICA, | **MOTION TO VACATE SENTENCE** |
| | **AND JUDGMENT PURSUANT TO 28** |
| Respondent. | **U.S.C. § 2255** |

_____

## I. INTRODUCTION AND BACKGROUND

This case is before me on petitioner Ricardo M. Ballesteros's *pro se* Motion To Vacate Sentence and Judgment Pursuant to 28 U.S.C. § 2255 (docket no. 1) filed on October 28, 2013. I have conducted the required review under Rule 4(b) of the Rules Governing Section 2255 Proceedings and conclude that summary dismissal of petitioner's § 2255 motion is appropriate at this time. *See Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (making clear that summary dismissal is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false).

On September 13, 2012, Ballesteros pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine which contained at least 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. On June 13, 2013, he was sentenced to 120 months imprisonment and 5 years supervised release, the mandatory minimum sentence. Ballesteros did not appeal his sentence. On October 28, 2013, Ballesteros filed a *Pro Se* Motion Under § 2255 To Vacate, Set Aside,

Or Correct Sentence By A Person In Federal Custody in which he raises a single claim for relief. Ballesteros alleges:

> I started out with a lawyer by the name of Ian McConeghey that my mother got he told me to do a debriefing and I would only get 4 or 5 years. Every time I asked him some questions I fealt [sic]like he didn't know the answers to. Then i [sic] called him and he said he was no longer able to stay on my case that i [sic] would get a new lawyer. He told myself and my wife that I would only do 4 or 5 years.

Motion at 4 ¶ 12(a). I construe Ballesteros's claim as a claim of ineffective assistance of counsel.

## II. LEGAL ANALYSIS

### A. Ballesteros's Ineffective Assistance Of Counsel Claim

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather

than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

"'The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'"*Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984), with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *Strickland*, 466 U.S. at 687-88, 697; *see Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.*, at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all

the circumstances." *Id.,* at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.,* at 690, 104 S. Ct. 2052.

*Pinholster*, 131 S. Ct. at 1403. To put it another way,

To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland,*] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, 131 S. Ct. 770, 787 (2011); *accord Premo v. Moore*, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial impediments to making the required showing of deficient performance. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691). As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.* That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ––––, 131 S. Ct., at 791.

*Pinholster*, 131 S. Ct. at 1403. However, even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice

resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

Here, Ballesteros contends that he was misinformed by his original counsel about the period of incarceration he faced. The fundamental flaw in his claim is that he does not allege that his defense was prejudiced in any way by this alleged misinformation. Ballesteros's original counsel was permitted to withdraw from the case on July 2, 2012, because he had accepted employment which would not allow him to continue to perform his duties to Ballesteros. That same date, Stuart J. Dornan was appointed to represent Ballesteros. Over two months later, Ballesteros pleaded guilty pursuant to a written plea agreement. Ballesteros does not allege that Dornan's work was ineffective whatsoever. Indeed, I granted a motion for downward variance filed on Ballesteros's behalf by Dornan and sentenced him to the mandatory minimum sentence. Accordingly, Ballesteros's claim of ineffective assistance of counsel fails because he was not prejudiced by his original counsel's actions.

I also conclude that Ballesteros's claim is precluded by his guilty plea. A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors preceding the plea. *See Tollett v. Henderson,* 411 U.S. 258, 266–67 (1973); *Neely v. McDaniel*, 677 F.3d 346, 349 (8th Cir. 2012). Ballesteros's claim alleges a constitutional violation that occurred before he pleaded guilty. Significantly, Ballesteros also does not claim that his original counsel's alleged misinformation had any affect on his decision to plead guilty. Thus, Ballesteros's guilty plea waived his ineffective assistance of counsel claim because that claim does not implicate the validity of his guilty plea. *See Wilson v. United States,* 962 F.2d 996, 997 (11th Cir. 1992) (holding that a claim of pre-plea, ineffective assistance of counsel is waived); *see also Claybron v. Stovall,* No. 05-73676, 2007 WL 551599, at *6 (E.D. Mich. Feb.20, 2007) ("a voluntary guilty plea

waives all claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."). Accordingly, Ballesteros's claim of ineffective assistance of counsel is precluded by his guilty plea.

## B.  Certificate Of Appealability

Denial of Ballesteros's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that reasonable jurists would not debate the merits of Ballesteros's ineffective assistance of counsel claim, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

## III. CONCLUSION

THEREFORE, for the reasons discussed above, petitioner Ballesteros's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (docket no. 1) is **denied in its entirety**. This case is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 8th day of November, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA